**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 119129

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Niesha S. Ofori and Dzidedi Ofori, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Sontag & Hyman, P.C.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Niesha S. Ofori and Dzidedi Ofori, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Sontag & Hyman, P.C. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.   This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.   This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Niesha S. Ofori is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff Dzidedi Ofori is an individual who is a citizen of the State of New York residing in Kings County, New York.

7. Plaintiffs are a natural persons allegedly obligated to pay a debt.

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant Sontag & Hyman, P.C., is a New York Professional Corporation with a principal place of business in Nassau County, New York.

10. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendant's business is the collection of such debts.

13. Defendant uses the mails in its debt collection business.

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

15. Defendant alleges Plaintiffs owe a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiffs arising out of the payment of rent.

17. The alleged Debt does not arise from any business enterprise of Plaintiffs.

18. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

2

21. In its efforts to collect the alleged Debt, Defendant contacted Plaintiffs by letter (the "30-Day Letter") dated December 10, 2019. (A true and accurate copy of the 30-Day Letter is annexed hereto as **<u>Exhibit 1</u>**.")

22. In its efforts to collect the alleged Debt, Defendant contacted Plaintiffs by another letter (the "14-Day Letter") also dated December 10, 2019. (A true and accurate copy of the 14-Day Letter is annexed hereto as **<u>Exhibit 2</u>**.")

23. The letters conveyed information regarding the alleged Debt.

24. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

25. The 30-Day Letter was the initial written communication Plaintiffs received from Defendant concerning the alleged Debt.

26. The letters were received and read by Plaintiffs.

### FIRST COUNT
### <u>Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)</u>

27. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

30. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

31. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

32. 15 U.S.C. § 1692g(b) provides that any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

33. A collection activity or communication overshadows or contradicts the validation

3

notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

34. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

35. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

36. The 30-Day Letter provides Plaintiffs 30-days to dispute the alleged Debt, as required by 15 U.S.C. § 1692g.

37. However, the 14-Day Letter, sent at the same time as the 30-Day Letter, gave Plaintiffs only 14-days to pay the alleged Debt under the threat of eviction.

38. As such, the 14-Day Letter served to cut Plaintiffs' time to dispute the alleged Debt in more than half.

39. The 30-Day Letter fails to explain that the demand for payment within 14 days does not override Plaintiffs' rights to dispute the alleged Debt.

40. The 30-Day Letter fails to explain that the demand for payment within 14 days does not override Plaintiffs' rights to seek validation of the alleged Debt.

41. The 14-Day Letter fails to explain that the demand for payment within 14 days does not override Plaintiffs' rights to dispute the alleged debt.

42. The 14-Day Letter fails to explain that the demand for payment within 14 days does not override the Plaintiffs' rights to seek validation of the debt.

43. The 30-Day Letter makes no mention of the 14-Day Letter.

44. The 14-Day Letter makes no mention of the 30-Day Letter.

45. The two letters would likely make the least sophisticated consumer uncertain as to her rights to dispute the alleged Debt.

46. The two letters would likely make the least sophisticated consumer confused as to her rights to dispute the alleged Debt.

47. The two letters would likely make the least sophisticated consumer uncertain as to her rights to request validation of the alleged Debt.

48. The two letters would likely make the least sophisticated consumer confused as to her rights to request validation of the alleged Debt.

4

49. The 14-Day Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

50. The 14-Day Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

51. The 14-Day Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt for fear of further collection action, including being sued and being evicted.

52. The 14-Day Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt for fear of further collection action, including being sued and being evicted.

53. Defendant violated § 1692g(b) as Defendant overshadowed the information required to be provided by that Section.

54. Defendant violated § 1692g(b) as the 14-Day Letter is inconsistent with the 30-Day Letter.

55. Defendant violated § 1692g(b) as the 14-Day Letter overshadows the 30-Day Letter.

56. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

58. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

59. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

60. The least sophisticated consumer could reasonably interpret the 14-Day Letter to mean that even if she exercises her validation rights, she must nevertheless make a payment within 14 days, to avoid getting sued or being kicked out of her home.

61. Because the 14-Day Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

5

62. Because the 14-Day Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

63. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiffs therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e(11)

64. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

65. 15 U.S.C. § 1692e(11) provides that it is a violation of the FDCPA to fail to disclose in a communications that the communication is from a debt collector.

66. The 14-Day Letter was sent by Defendant.

67. The 14-Day Letter was sent by Defendant while acting as a debt collector as defined by the FDCPA.

68. The 14-day Letter fails to disclose that the letter is from a debt collector.

69. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e(11) and is liable to Plaintiffs therefor.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)

70. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

72. As relevant here, 15 U.S.C. § 1692g(a)(4) requires the written notice state that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

73. In order to be entitled to request validation of the debt, a consumer's request must be within 30-days of receipt of the letter.

74. The 30-Day Letter fails to provide the required statement.

6

75. Rather, the 30-Day Letter states that the dispute must be made in a "timely manner."

76. The least sophisticated consumer would be left to guess what Defendant considers a "timely manner."

77. The least sophisticated consumer would likely be confused as to what Defendant considers a "timely manner."

78. The least sophisticated consumer would likely be uncertain as to what Defendant considers a "timely manner."

79. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(4) and is liable to Plaintiffs therefor.

## CLASS ALLEGATIONS

80. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

81. Plaintiffs seek to three classes of:

> i. All consumers to whom Defendant sent both a 30-Day Letter and a 14-Day Letter at the same time, which letters was sent on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers to whom Defendant sent a letter that failed to disclose that the communication was from a debt collector.
>
> iii. All consumers to whom Defendant sent a letter that failed to include a proper 15 U.S.C. § 1692g(a)(4) disclosure.

82. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

83. The Class consists of more than thirty-five persons.

84. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

85. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

86. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

87. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiffs as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiffs' costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 19, 2020

                                         **BARSHAY SANDERS, PLLC**

                                         By:  /s/ *Craig B. Sanders*
                                         Craig B. Sanders, Esquire
                                         100 Garden City Plaza, Suite 500
                                         Garden City, New York 11530
                                         Tel: (516) 203-7600
                                         Fax: (516) 706-5055
                                         csanders@barshaysanders.com
                                         *Attorneys for Plaintiffs*
                                         Our File No.: 119129

